957 F.2d 529
 Winston HOLLOWAY, Appellant,
v.
COI Larry ALEXANDER; Ricky Anthony; Bernard Gardner; Roy
Hobbs; Mark Anthony Jimmerson; Karl E. Johnson; Wesley W.
Mitchell; Randle Morgan; Larry Norris; Unknown Agents
(25); Rodney V. Watson, Appellees.
 No. 91-2178.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 11, 1992.
Decided Feb. 20, 1992.
 
 Mark L. Pryor, Little Rock, Ark., for appellant.
 Brad Newman, Asst. Atty. Gen., Little Rock, Ark., for appellees.
 Before FAGG, BOWMAN and WOLLMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Winston Holloway, an Arkansas prisoner, brought this civil rights action against various employees of the Arkansas Department of Correction (the appellees), asserting the living conditions in the punitive isolation area of the state's maximum security prison violated his Eighth Amendment right to be free from cruel and unusual punishment. A jury found in favor of the appellees. Holloway appeals and we affirm.
 
 
 2
 Holloway contends he was denied a fair trial on his Eighth Amendment claim because the district court permitted the jury to see him and his witnesses in shackles. We disagree. The shackles added nothing to the trial that was not already apparent from the nature of the case: Holloway and his witnesses wore prison garb throughout the trial; the jury knew Holloway and his witnesses were maximum security prisoners; and Holloway's own testimony about his criminal history and sentences made it clear he was a dangerous felon and a likely flight risk. In these circumstances, " '[n]o prejudice can result from [the jury] seeing that which is already known.' " Estelle v. Williams, 425 U.S. 501, 507, 96 S.Ct. 1691, 1694, 48 L.Ed.2d 126 (1976) (quoted case omitted); see also Scott v. James, 902 F.2d 672, 674 (8th Cir.) (defendant's own testimony showing he was a prisoner "rendered harmless any possible prejudice resulting from his momentary appearance in handcuffs"), cert. denied, --- U.S. ----, 111 S.Ct. 198, 112 L.Ed.2d 160 (1990). Any general prejudice caused by the presence of the shackles was cured when the district court admonished the jury to disregard the shackles in their consideration of Holloway's case. See Davis v. Eide, 439 F.2d 1077, 1078-79 (9th Cir.), cert. denied, 404 U.S. 843, 92 S.Ct. 139, 30 L.Ed.2d 78 (1971).
 
 
 3
 In a prisoner civil rights case involving living conditions, the plaintiff's status as a dangerous felon has no bearing on the issue the jury must decide. The shackles may have reinforced in the jurors' minds that Holloway and his witnesses were maximum security prisoners. The jury, however, was called on to decide only whether Holloway's living conditions inside the prison were cruel and inhumane. The fact that Holloway and his witnesses were security risks inside the courtroom was simply not a factor relevant to that decision. We thus conclude Holloway was not deprived of a fair trial by the jurors seeing him and his witnesses in shackles.
 
 
 4
 Although we hold the use of shackles did not rise to the level of reversible error in Holloway's case, we do not hold the use of shackles could never amount to reversible error in a prisoner civil rights action. This court does not endorse a general policy of parading inmate civil plaintiffs or their witnesses before the jury in shackles. In these cases, the district court has a responsibility to ensure reasonable efforts are made to permit the inmate and the inmate's witnesses to appear without shackles during proceedings before the jury. When this is not feasible, the district court should take appropriate action to minimize the use of shackles, to cover shackles from the jury's view, and to mitigate any potential prejudice through cautionary instructions.
 
 
 5
 Holloway also contends he is entitled to judgment as a matter of law on his Eighth Amendment claim. Holloway and the appellees, however, presented conflicting testimony on the material issues in this action. Thus, the district court properly submitted Holloway's claim to the jury, and sufficient evidence supports the jury's verdict. See Van Praag v. Columbia Classics Corp., 849 F.2d 1106, 1110-11 (8th Cir.1988).
 
 
 6
 Finally, Holloway contends the district court committed error in failing to instruct the jury on nominal damages. Because the jury returned a verdict for the appellees, the jury did not consider damages, and any error in failing to instruct the jury on nominal damages was harmless. See Green v. American Airlines, Inc., 804 F.2d 453, 456 (8th Cir.1986). Furthermore, having failed to object to the district court's denial of his requested instruction, Holloway did not preserve his jury-instruction claim for review. See Barton v. Columbia Mut. Cas. Ins. Co., 930 F.2d 1337, 1340-41 (8th Cir.1991).
 
 
 7
 Accordingly, we affirm.