996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Tommy Carl MOORE, Appellant,
v.
Gary GRIMES, Appellee,
Tommy Carl MOORE, Appellant,
Curtis Lynn KNOLL, Plaintiff,
v.
Gary GRIMES, Sheriff, Sebastian County, AR, Appellee.
 No. 92-3887.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 17, 1993.
Filed: June 25, 1993.
 
 Appeal from the United States District Court for the Western District of Arkansas.
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tommy Carl Moore appeals from the magistrate judge's[1] grant of judgment as a matter of law on his claims of overcrowding and denial of access to the courts, and from her order entering judgment against him in accordance with the jury's verdict on his remaining claims challenging the conditions of his confinement at the Sebastian County Detention Center. Upon careful review of the record, we affirm.
 
 
 2
 We conclude that the magistrate judge correctly granted judgment as a matter of law. We have previously addressed overcrowding at the Sebastian County Detention Center, and Moore's evidence did not establish a constitutional violation. See Campbell v. Cauthron, 623 F.2d 503, 507-08 (8th Cir. 1980) (up to six inmates who are released from their cells for eight or more hours per day may be housed in 130 to 154-square-foot cells at jail). Moore did not show any prejudice resulting from his denial of access to the courts. See Flittie v. Solem, 827 F.2d 276, 280 (8th Cir. 1987) (per curiam). His only alleged deprivation was with respect to an Oklahoma civil case that he voluntarily dismissed and chose not to refile because he was pursuing the present case.
 
 
 3
 Moore also contends that, because the jury's verdict was against the weight of the evidence on his remaining claims, the magistrate judge erred in denying a new trial. "The denial of a motion for new trial on this basis 'is virtually unassailable on appeal,' and perhaps should not be reviewable at all by an appellate court." Peterson v. General Motors Corp., 904 F.2d 436, 440 (8th Cir. 1990) (citations omitted). We conclude that the magistrate judge did not abuse her discretion in denying the motion. Although the evidence conflicted regarding conditions at the jail, "[t]he resolution of factual conflicts is properly the role of the jury and the verdict will not be overturned by this Court." Id.
 
 
 4
 Moore's remaining arguments lack merit. "Under Fed. R. Evid. 609(a)(1), evidence of a witness' criminal conviction within the last ten years is admissible in civil cases to impeach the credibility of that witness, regardless of its prejudicial effect." Ross v. Jones, 888 F.2d 548, 551 (8th Cir. 1989). The appearance in prison garb of Curtis Knoll, Moore's co-plaintiff, did not deprive Moore of a fair trial because it "added nothing to the trial that was not already apparent from the nature of the case," and, by Moore's own testimony, he and Knoll were prisoners. See Holloway v. Alexander, 957 F.2d 529, 530 (8th Cir. 1992).
 
 
 5
 We conclude that the magistrate judge did not abuse her discretion in consolidating two cases after one day of trial, because the cases were both filed by Moore and involved conditions at the jail during the same time period. See Fed. R. Civ. P. 42(a) (court may order joint trial of actions involving common questions of law or fact pending before it). Moore had agreed with defendants' previous motion to consolidate the cases and Moore did not object to the consolidation when it was discussed at the beginning of the second day of trial. Although Moore argues that Knoll did not have a chance to question witnesses who testified on the first day of trial, Knoll consented to the consolidation and Moore lacks standing to make this argument.
 
 
 6
 Moore did not object to the jury instructions and, therefore, did not preserve his jury-instruction claim for review. See Holloway, 957 F.2d at 531. Finally, we conclude that the magistrate judge did not abuse her discretion in refusing to appoint counsel for Moore.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Beverly R. Stites, United States Magistrate for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)