Arthur W. CARSON, Appellant,

v.

G.J. GOMEZ, Garry Lowe, James Sloan, Jr., and Jesse R. Rolan, Appellees.

No. 01–96–00784–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 17, 2000.

Rehearing Overruled April 7, 2000.

---

Arthur W. Carson, Amarillo, for appellant.

---

* The Honorable Lee Duggan, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. Appellant asked the venire the following questions about bias:

Kevin Robert Lashus, Louis V. Carrillo, John Cornyn, Austin, for appellee.

Panel consists of Justices COHEN, NUCHIA, and DUGGAN.*

## OPINION

MURRY B. COHEN, Justice.

Carson appeals the trial court's refusal to discharge a jury panel that saw him enter the courtroom while wearing prison garb and handcuffs. We affirm.

### I.

### Factual Background

Appellant sued several prison employees, claiming that guards beat him. The guards claimed appellant attacked them. The jury found for the guards.

Shortly before jury selection began, appellant stated:

> I would like to object to this initial panel in this case because the jury has witnessed me being escorted around in the courtroom in handcuffs and I'm currently dressed in prison clothing and my ability to receive a fair trial has been breached and I request being allowed to pick a jury from a different panel.

Appellees' counsel argued that handcuffs and prison uniform were not prejudicial in a civil trial for a prison inmate suing guards, and he suggested appellant ask panel members whether they were prejudiced by his appearance.

The trial judge denied appellant's motion, but stated he would grant it if questioning showed the panel had been prejudiced by appellant's appearance. Despite this advice, appellant never questioned the venire on this subject.[1]

Does anyone here believe prisoners should not be protected by the law? Does anyone here feel they would be prejudiced against me because I am a prisoner? Is there anyone here who are [sic] related to anyone participating in this trial? Is there anyone that feels they cannot be impartial?

■ We agree with the important legal propositions, ably stated in Justice Duggan's dissenting opinion, that, except for good cause, no one should be *tried* while restrained, and if one is, the judge should try to minimize the potential for harm. This record, however, does not show that appellant was tried while restrained. Rather, it shows only that he entered the courtroom in handcuffs.

■ On appeal, appellant contends, for the first time, that during jury selection, he was bound in chains. Appellant cites nothing in the record showing that to be true. Thus, we will not apply Tex. R.App. P. 38.1(f), which provides, "... In a civil case, the court will accept as true the facts stated unless another party contradicts them. *The statement must be supported by record references.*" (Emphasis added.) We doubt that rule 38.1(f) requires us to take a felon's word without any record references. A felon's sworn word is suspect in Texas and everywhere. *See* Tex.R. Evid. 609; Fed.R.Evid. 609. Appellant's claim in his pro se appellate brief that he was chained is, of course, not sworn. Nevertheless, the dissenting opinion takes appellant's word for it. We do not. If chains were used, appellant, who objected specifically to lesser restraints like handcuffs and prison clothing, never objected to them. The law requires him to do so. Tex.R.App. P. 33.1(a) (requiring specific objection).

■ Because appellant never mentioned handcuffs during voir dire—even after the trial judge and the opposing counsel encouraged him to do so—we conclude he was not handcuffed during trial. At most, the record shows that jurors saw appellant—who testified he was an incarcerated felon—handcuffed momentarily while in court. As a general rule, courts should avoid that, but its occurrence does not always require reversal.

No one answered. Appellant challenged only one person for cause, and that was on a ground unrelated to this point of error.

■ This case is civil, not criminal. Thus, there is no presumption of innocence to be infringed. *Compare Clark v. State,* 717 S.W.2d 910, 918–19 (Tex.Crim.App. 1986) (noting that although "requiring an accused person to wear handcuffs before the jury infringes his constitutional presumption of innocence ... a momentary, inadvertent, and fortuitous encounter away from the courtroom between a handcuffed accused and one or more of the jurors does not necessarily call for a mistrial or reversal.") (citations omitted); *see also Hernandez v. State,* 805 S.W.2d 409, 414–15 (Tex. Crim.App.1990) (determining that even if jurors "did see appellant being transported under restraint, no error is shown since the encounter was momentary, inadvertent, fortuitous, and away from the courtroom."). Because the presumption of innocence was not at stake and because the evidence naturally showed that appellant was imprisoned, we hold he was not harmed by having been seen once in handcuffs shortly before trial.[2]

We agree that restraints during trial would have been harmful in this case, in which the main issue was whether prison guards attacked appellant or appellant attacked them. But if jurors saw appellant enter the courtroom with handcuffs and then saw him tried without them, they would likely assume that he posed no danger and had been handcuffed in transit, as any prisoner would have been, only to prevent escape. The removal of handcuffs is the ultimate statement that one is not so dangerous that he requires them.

There being no evidence of harm, we overrule the sole point of error. *See* TEX. R. APP. P. 44.1(a) (reversal required if the error probably caused an improper judgment).

The judgment is affirmed.

Justice DUGGAN, dissenting.

2. All panel members agree that, under the facts here, appellant could not have been harmed by being seen in prison clothing.

Justice O'CONNOR requested en banc consideration.

A majority of the justices of the Court voted to overrule the request for en banc consideration.

Justice O'CONNOR dissents from the overruling of the request for en banc consideration and would join the dissenting opinion of Justice DUGGAN.

LEE DUGGAN, Jr., Justice (Retired), dissenting.

Because I disagree with my colleagues as to the prejudicial effect of unshackling a civil litigant in front of the veniremen who will decide his case, I must respectfully dissent.

Appellant states that he was paraded before the venire panel with handcuffs, a belly chain, and prison garb. He argues that, in his plaintiff's case for assault against his guards, this was prejudicial to the core issue before the jury—whether he was violent or had the propensity to be disruptive so that the use of force against him by prison personnel was warranted.[1] Appellant contends the trial court committed reversible error by failing to determine whether there was an extreme need for him to be bound before allowing the jury panel that witnessed him in physical restraints to hear his case. I agree.

Appellees point out—and I agree—that it could not have been prejudicial for the jury to see appellant *in his prison uniform* because this is a suit by a prisoner against prison personnel. *Woods v. Thier-*

*et,* 5 F.3d 244, 249–50 (7th Cir.1993) (the mere presence of prison garb could not be prejudicial in a prison inmate suit against prison guards). But appellees ignore or avoid the merits of appellant's primary argument that escorting him into the courtroom before the jury panel in handcuffs and a belly chain directly prejudiced the jurors against his claim that prison personnel used unnecessary force.[2]

Whether it is reversible error to require a prisoner trying a civil suit to conduct his trial in prison clothing or to appear before the jury in handcuffs or other restraining devices appears to be a matter of first impression in Texas courts. I limit my concern to the issue of handcuffs and restraints. Federal and state law governing criminal trials, however, provides some guidance. It is well settled under federal and state law that a trial court should not allow physical restraints to be used on a defendant in court except as a last resort. In *Illinois v. Allen,* for example, the Supreme Court noted, in considering what devices a trial court could have used to control an obstreperous and abusive criminal defendant, that

no person should be tried while shackled and gagged except as a last resort. Not only is it possible that the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial

---

1. It is not clear from the record whether appellant was handcuffed during the actual voir dire and trial of his case or simply in being led into the courtroom. Nevertheless, at the very least, appellant's uncontroverted statement to the trial court indicates that he was escorted into the courtroom in handcuffs and a prison uniform on the day of voir dire. Further, appellant's statement in his brief that he was escorted in front of the jurors in handcuffs, belly chain, and prison garb is uncontested by the State; therefore, I would accept this assertion as true. TEX. R. CIV. P. 38.1(f).

2. Instead, they complain that he failed, procedurally, to "unring the bell." They argue that appellant (1) failed to preserve error by failing to establish bias through jury voir dire, (2) failed to object to the exhaustion of his peremptory strikes, and (3) challenged only one member of the panel for cause (for a reason other than prejudice caused by appellant's appearance). Under these facts, appellant's direct questioning of the veniremen regarding whether they were prejudiced by his entrance in restraints might well have emphasized the very fact he wished to downplay—his appearance in restraints. In any case, appellant, who was a pro se plaintiff, did request a new panel of veniremen.

proceedings that the judge is seeking to uphold.

397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970). Similarly, the Texas Court of Criminal Appeals has held that a defendant should not be displayed in shackles in front of a jury, even when the nature of the alleged crime was gruesome and violent, without evidence of actual or threatened violence during trial. *Long v. State,* 823 S.W.2d 259, 283 (Tex.Crim.App. 1991). In contrast, the Texas Court of Criminal Appeals has upheld the use of handcuffs and leg irons on a defendant during the punishment stage of trial based on overwhelming evidence that this was necessary to protect those in the courtroom. *Marquez v. State,* 725 S.W.2d 217, 228–30 (Tex.Crim.App.1987).

Federal courts have determined that displaying a prisoner in physical restraints in a civil case before a jury can raise the same concerns as in the criminal context. *Davidson v. Riley,* 44 F.3d 1118, 1122 (2d Cir.1995); *Thieret,* 5 F.3d at 247; *Lemons v. Skidmore,* 985 F.2d 354, 357 (7th Cir. 1993) ("In a criminal case, the appearance of the defendant in shackles may prejudice a jury by weakening the presumption of innocence which the defendant is entitled to. In a civil case, the plaintiff is still entitled to a fair trial in which the jury decides the case based on admissible evidence."); *Holloway v. Alexander,* 957 F.2d 529, 530 (8th Cir.1992); *Tyars v. Finner,* 709 F.2d 1274, 1285 (9th Cir.1983).

The two decisions cited above from the Seventh Circuit Court of Appeals are particularly instructive. In *Lemons,* a prisoner filed suit alleging that the defendant prison guards had beaten him; the defendants alleged in turn that they had responded defensively because the prisoner had attacked them. *Lemons,* 985 F.2d at 355. The prisoner was brought to the courthouse in handcuffs and leg irons, and his attorney requested that the prisoner not be restrained during trial. *Id.* at 355–56. On appeal, the Seventh Circuit Court of Appeals reversed the judgment in favor of the defendants and remanded for a new trial because the magistrate judge had "abused his discretion by relying on the self-serving opinion of fellow penal officers of the defendants and not holding a hearing to determine what, if any, restraints were necessary, taking no steps to minimize the prejudice to [the prisoner] in having him appear to be a violent and dangerous person who required leg irons and handcuff restraints, and in failing to give a curative instruction or take any other ameliorative steps." *Id.* at 356. The court specifically found that the use of restraints was prejudicial because the defense offered by the defendants was that the prisoner-appellant had initiated the use of force, so that the "plaintiff's tendency towards violence was at issue in this case." *Id.* at 357. The Seventh Circuit Court of Appeals held this was harmful error because the central issue in the case was whether the guards had used necessary force. *Id.* at 359.

In contrast, the trial court in *Thieret* did require the plaintiff's prisoner-witnesses to appear in leg and arm restraints, but only after determining that the witnesses, who had been convicted of various dangerous crimes, were dangerous and would be located close to the bench, counsel, and jurors. *Id.,* 5 F.3d at 248–49. To ameliorate the danger of prejudice, however, the trial court had the jury removed from the courtroom while the prisoner witnesses were escorted to and from the witness stand and also instructed the jury to ignore the restraints when evaluating the witnesses' testimony. *Id.* at 249. Based on the trial court's express finding and mitigating instruction, the Seventh Circuit Court of Appeals found there was no prejudice to the plaintiff. Furthermore, the court noted that, even if the trial court had erred, it was harmless because the presence of physical restraints was not directly pertinent to the issue of lack of food in prison, the basis of the prisoner's suit. *Id.*

Similarly, in *Holloway,* the Eighth Circuit held that it was not reversible error to

display the prisoner-appellant in shackles before a jury in his civil suit because

1) the jury knew from the nature of the prisoner-appellant's claim of poor prison living conditions that he and his witnesses were confined at a maximum security prison;

2) the prisoner-appellant's testimony established he was dangerous and a flight risk;

3) the trial court gave the jury an ameliorative instruction to disregard the shackles when considering the prisoner-appellant's claim; and

4) the security risk of the inmates did not pertain to the prisoner-appellant's claim of poor living conditions.

*Holloway,* 957 F.2d at 530. Significantly, the Eighth Circuit Court of Appeals also cautioned that

[a]lthough we hold the use of shackles did not rise to the level of reversible error …, we do not hold the use of shackles could never amount to reversible error in a prisoner civil rights action. This court does not endorse a general policy of parading inmate civil plaintiffs or their witnesses before the jury. In these cases, the district court has a responsibility to ensure reasonable efforts are made to permit the inmate and the inmate's witnesses to appear without shackles during proceedings before the jury. When this is not feasible, the district court should take appropriate action to minimize the use of shackles, to cover shackles from the jury's view, and to mitigate any potential prejudice through cautionary instructions.

*Id.*

Finally, I note that federal decisions apply harmless error analysis even when the trial court has failed to inquire whether physical restraints are necessary or to issue a mitigating instruction to the jury. *See Davidson,* 44 F.3d at 1124; *Lemons,* 985 F.2d at 359.

Following this substantial body of federal cases, I would hold that the use of physical restraints in the presence of a jury in prisoner civil cases, as well as criminal cases, should be used only when necessary and the prejudicial impact of the restraints should be minimized when possible. Based on the following combination of factors, I would find the trial court erred in failing to grant appellant's motion for a new jury panel:

1) the trial court did not conduct a hearing to determine whether the use of restraints was necessary;

2) there is nothing in the record to show that appellant posed a risk of violence or threatened violence during his civil trial;

3) the record reflects that the jury saw the appellant escorted in front of them into the courtroom in handcuffs; and

4) the trial court did not issue a mitigating instruction to the jury to lessen the risk of prejudice.

The finding of trial court error would not end the inquiry; such error must be harmful in order to warrant reversal. Here, the majority and I part company. I respectfully disagree with my colleagues' characterization of the impact of unshackling appellant in the courtroom in the presence of jurors. Though they analogize this case to a momentary and fortuitous hallway encounter, the cases they cite involve momentary glimpses of the accused in transit *outside the courtroom. Clark v. State,* 717 S.W.2d 910, 918 (Tex.Crim.App. 1986); *Hernandez v. State,* 805 S.W.2d 409, 414–415 (Tex.Crim.App.1990). The sight of a plaintiff inmate inside the courtroom has a greater degree of solemnity— far from a casual encounter, the jurors' first impression of appellant at the inception of voir dire was that he required restraints in order to be safely transported into the courtroom, where he could be unshackled only in a confined area with his custodians present. I find it more likely that the dramatic and audible clink or rasp

as appellant was unshackled in the presence of the jury underscored, rather than deemphasized, that appellant needed to be restrained in the first place.

Under these facts, the use of restraints in the courtroom directly pertained to a core issue at stake in appellant's trial—whether he was so contumacious that the use of physical force against him by prison personnel was necessary. Appellant could have been led into the courtroom and unshackled before the veniremen entered, or the trial court could have issued an ameliorative instruction to the jury upon appellant's complaint that the jurors saw him in restraints. As it was, the State's action in presenting appellant to jury view in restraints could only have bolstered the State's later assertion that force was necessary to subdue him.

In the absence of a finding by the trial court that restraints were even temporarily necessary *inside the courtroom in the presence of the jury,* I would hold the resulting error was harmful.