# United States Court of Appeals

## For the Eighth Circuit

_____

No. 10-3863

_____

Arthur E. Taylor, Jr.

*Plaintiff - Appellant*

v.

Dave Dormire, in his individual and official capacity; Walter Friesen, 3rd Shift
Sergeant, in his individual and official capacity; Chad Hovis, 2nd Shift Sergeant,
in his individual and official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 19, 2012
Filed: September 4, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Arthur E. Taylor, Jr. sued Missouri prison officials under 42 U.S.C. § 1983
for refusing to feed him for several days while he was restrained. A jury returned
a verdict for the prison officials, which Taylor appeals. Jurisdiction being proper
under 28 U.S.C. § 1291, this court reverses and remands.

Taylor was a prisoner at the Jefferson City Correctional Center, a maximum security prison. According to Department of Corrections Policy, if a prisoner becomes concerned about potential violence within the cell, a prisoner may declare the cellmate an "enemy" and be removed from the cell. Prison officials then place the removed prisoner on a restraint bench until a compatible cellmate is found, an individual cell becomes available, or the prisoner decides to return to the original cell. Policy provides that prisoners cannot be fed unless they are in a cell. The Policy does allow bathroom breaks and small amounts of water and also has an exception for medical necessity.

After an alleged argument on the evening of Friday, September 9, 2005, Taylor declared his cellmate an enemy and was removed from the cell. Prison officials shackled him to a metal restraint bench. Several other prisoners used the same procedure simultaneously, and still others were flooding their cells by tampering with the sprinklers. On Sunday, September 11, Taylor was placed in a cell with a new cellmate. Taylor did not eat the offered breakfast or lunch because he was sleeping. He had been unable to sleep the previous two days while sitting upright on the restraint bench. Later that day, after another alleged argument, Taylor declared his new cellmate an enemy and was returned to the bench. At all points, Taylor refused to return to a cell with either cellmate. Taylor remained on the bench or a metal stool until the evening of Wednesday, September 14. During that time, prison officials, following the Policy, did not feed Taylor. Taylor described having stomach pains, lightheadedness, and headaches as well as feeling weak. He first ate again on the morning of Thursday, September 15, after missing about twelve meals.

Taylor sued prison officials alleging violations of his Eighth and Fourteenth Amendment rights. His case proceeded to trial. Taylor's counsel requested an excessive force instruction, which the district court gave. Taylor's counsel also

requested a nominal damages instruction, which the district court refused to give. The jury returned a verdict for the prison officials, finding "Ø" damages for Taylor.

## II.

Both before and during trial, Taylor's trial counsel requested a nominal damages instruction. A nominal damages instruction is appropriate in excessive force cases where there is evidence that the force, despite being excessive, did not cause a significant injury. *Foulk v. Charrier*, 262 F.3d 687, 701 (8th Cir. 2001). A party is entitled to an instruction on its theory of the case if it is legally correct and there are facts to support it. *Boesing v. Spiess*, 540 F.3d 886, 890 (8th Cir. 2008). This court reviews jury instructions for abuse of discretion and reverses a jury verdict when the failure to give a requested instruction misled the jury or had a probable effect on the verdict. *See Friedman & Friedman, Ltd. v. Time McCandless, Inc.*, 606 F.3d 494, 500 (8th Cir. 2010).

The district court erred in not submitting the instruction to the jury. "We believe the jury is *required* to award nominal damages once it has found cruel and unusual punishment if it has not been able to convert into dollars the injury and pain a plaintiff has suffered." *Cowans v. Wyrick*, 862 F.2d 697, 699 (8th Cir. 1988) (emphasis added); *accord Foulk v. Charrier*, 262 F.3d 687, 701 (8th Cir. 2001). This view is consistent with the Eighth Circuit Model Jury Instruction for nominal damages, upon which Taylor based his proposed instruction. This instruction directs the jury that if it finds in favor of a plaintiff but finds that the damages have no monetary value, the jury "must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00)." **Eighth Circuit Model Jury Instruction 4.50B** (West 2008 & 2011). The Committee Comments to this Instruction also state that "nominal damages must still be submitted in Eighth Amendment cases if requested." *Id.* Moreover, the Notes on Use accompanying the Excessive Force Instruction that the district court used here state: "Nominal damages will also *have* to be submitted under

*Cowans*." **Eighth Circuit Model Jury Instruction 4.30, note 7** (West 2008 & 2011) (emphasis added).

The prison officials argue the error in not submitting the nominal damages instruction to the jury was harmless because the jury found in their favor. The government has the burden of proving harmless error. ***United States v. Pirani***, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). Under the instruction the district court gave, damages are a required element of a verdict in favor of Taylor. *See* **Eighth Circuit Model Jury Instruction 4.30** (West 2008 & 2011) (listing damages as the third element of the claim and stating that: "If any of the above elements has not been proved, then your verdict must be for the defendant."); *see also, e.g.*, ***Lee v. Anderson***, 616 F.3d 803 (8th Cir. 2010) (using same elements of excessive force instruction). That is, if the jury analyzed this element first and found no damages, it could not find excessive force. The instructions defined damages as including:

> [t]he physical pain and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury; whether the injury is temporary or permanent and whether any resulting disability is partial or total and any aggravation of a pre-existing condition.

None of the instructions mentioned nominal damages. The damages instruction also stated: "Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy." In the absence of a nominal damages instruction, the instructions misled the jury.

The prison officials rely on *Holloway v. Alexander*, 957 F.2d 529, 531 (8th Cir. 1992) to argue the error was harmless. The *Holloway* court did find that a failure to instruct on nominal damages was harmless because "the jury did not consider damages . . . ." In this case, although the jury found for the defendants, it also wrote

"Ø" in the space for damages on the verdict form. This shows that the jury considered the damages issue and found that Taylor had no damages under the instructions given. The lack of a nominal damages instruction had a probable effect on this verdict.

The district court abused its discretion in not submitting the requested nominal damages instruction to the jury.[1]

*******

The judgment of the district court is reversed, and the case remanded for further proceedings consistent with this opinion.

BYE, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's conclusion to reverse and remand for a new trial because the district court failed to provide a jury instruction on nominal damages. I believe the district court also erred when it did not provide a deliberate indifference instruction, affecting Taylor's substantial rights and amounting to a miscarriage of justice. Unlike the majority, I think the district court will once again confront the

---

[1]Taylor also seeks (plain error) review of the district court's failure to give—after his failure to request—a jury instruction on deliberate indifference. This court need not address that issue because Taylor can request a deliberate indifference instruction if the issue arises again on remand in light of evidence at the retrial. *See Qualley v. Clo-Tex Int'l, Inc.*, 212 F.3d 1123, 1132 n.18 (8th Cir. 2000) ("In light of our decision to remand the case, we decline to address whether a jury instruction on the doctrine of in pari delicto should be given in the new trial – that determination must be made in light of all of the admissible evidence submitted to the district court on retrial.").

question of the proper jury instructions regarding Taylor's Eighth Amendment claim during his new trial. I therefore respectfully dissent from the majority's decision not to consider the matter, and I address it in this separate opinion.

The majority believes we need not consider the deliberate indifference instruction matter because Taylor can request such an instruction if the issue arises again on remand. If the district court declines to provide the instruction and Taylor appeals that issue, we will revisit the matter at that time. However, we are not required to overlook matters that are likely to recur on remand, and in fact, we have engaged them on many occasions. See United States v. Ochoa-Gonzalez, 598 F.3d 1033, 1038 (8th Cir. 2010); Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 719 (8th Cir. 2001); Minn. v. Kalman W. Abrams Metals, Inc., 155 F.3d 1019, 1025 (8th Cir. 1998); United States v. Graham, 60 F.3d 463, 467 (8th Cir. 1995); Lusby v. Union Pac. R.R. Co., 4 F.3d 639, 641 (1993); Ouachita Nat'l Bank v. Tosco Corp., 686 F.2d 1291, 1299 (8th Cir. 1982), rev'd en banc on other grounds, 716 F.2d 485 (1983). When "allegations of error concern actions of the district court that are likely to be repeated upon remand," we may consider those matters "in the interests of judicial economy." Ouachita Nat'l Bank, 686 F.2d at 1299. This case fits the mold. It therefore works no departure from our custom to address the deliberate indifference matter, and I do so below.

As the majority correctly notes, Taylor requested and received a jury instruction on excessive force, but did not request an instruction on deliberate indifference. When a party does not request an instruction at trial, we review the district court's failure to give that instruction for plain error. Webber v. Strippit, Inc., 186 F.3d 907, 915 (8th Cir. 1999). To show plain error, Taylor must demonstrate:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the

district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (citations, brackets, and internal quotation marks omitted); see also Moore v. Am. Family Mut. Ins. Co., 576 F.3d 781, 786 (8th Cir. 2009) (internal citation, quotation marks, and alterations omitted) ("[W]e may grant plain error relief when instructional error is plain, affects a party's substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings[.]").

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citations omitted). This wantonness does not have a fixed meaning. Instead, it is determined with "due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged." Id. at 320. To demonstrate such wantonness in the context of a claim challenging a condition of a prisoner's confinement, a plaintiff must show two things. First, the plaintiff must make an "objective" showing that the deprivation imposed by the condition was "sufficiently serious" to form the basis for an Eighth Amendment claim. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the plaintiff must make a "subjective" showing that prison officials "acted with a sufficiently culpable state of mind." Id.

The deprivation imposed by the condition of Taylor's confinement was "sufficiently serious" to satisfy the objective component of the Eighth Amendment inquiry. To be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter,

and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). We have previously held the denial of four consecutive meals in a 36-hour period fell below that minimal measure. Simmons v. Cook, 154 F.3d 805, 808 (8th Cir. 1998). And the Supreme Court has agreed with the Eleventh Circuit's conclusion shackling a prisoner to a hitching post for seven hours without food or bathroom breaks, and with only minimal water, was likewise inadequate. See Hope v. Pelzer, 536 U.S. 730, 738 (2002). The facts in Taylor's case are no less serious. With one brief intermission during a six-day period, Taylor remained shackled in an upright position to a metal restraint bench or stool and was denied food. The deprivation imposed upon Taylor plainly meets the objective component of the Eighth Amendment inquiry.

The "subjective" requirement of the Eighth Amendment inquiry depends on the nature of the constitutional violation the plaintiff alleges. When the plaintiff alleges prison officials used excessive physical force, we inquire whether the force was applied in a good-faith effort to maintain or restore discipline, or used maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley, 475 U.S. at 320-21. The "malicious and sadistic" standard applies when prison officials act in response to a prison disturbance. Hudson, 503 U.S. at 6; Nelson v. Corr. Med. Servs., 583 F.3d 522, 528 (8th Cir. 2009) (en banc). We employ this standard because in a disturbance, prison officials must balance the threat the disturbance poses to prison employees, inmates, and others, against the harm that may result from the use of force. A disturbance also requires corrections officers to act "in haste, under pressure, and frequently without the luxury of a second chance." Whitley, 475 U.S. at 320. The "malicious and sadistic" standard reflects the deference we give to prison officials who respond to an emergency.

But when exigent circumstances are not present, neither are the competing concerns of preserving safety while preventing the harm that follows from the use of

force. The state's responsibility to provide inmates with adequate food, clothing, shelter, and medical care is not balanced against the competing penological objective of remedying an unsafe situation. As a result, the subjective requirement of the Eighth Amendment inquiry becomes less exacting. In such a prison-conditions case, the plaintiff must allege prison officials acted with "deliberate indifference" to the inmate's health or safety. Wilson, 501 U.S. at 303; Nelson, 583 F.3d at 528. A prison official is "deliberately indifferent" if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. This knowledge requirement exists because "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." Id. at 844.

Determining the applicable standard, and whether that standard is met, "will depend upon how the incident . . . is characterized–whether it was a security measure taken to quell a disturbance or merely punishment." Stenzel v. Ellis, 916 F.2d 423, 426 (8th Cir. 1990). If prison officials' actions are characterized as a response to a disturbance, the "malicious and sadistic" standard will apply. If, on the other hand, they are characterized as merely punishment, the "deliberate indifference" standard will apply.

The prison officials characterize Taylor's shackling and denial of food as part of a response to an inmate-led disturbance. Taylor was one of twenty-six inmates who declared their respective cellmate their enemy in a period of two-to-three hours, and inmates attempted to flood their cells by breaking the sprinkler heads located inside them. Appellee's Br. 9-10. Because shackling Taylor to the restraint bench took place as part of an effort to deal with that disturbance, they say, their state of mind should be measured by the "malicious and sadistic" standard.

It is not altogether clear there was a significant disturbance requiring emergency action, and if there was such a disturbance, when it ended. But even if the shackling did arise out of an organized effort to agitate, it is highly doubtful—so

much so that the prison officials do not argue—the disturbance continued for the full six days during which Taylor was shackled without food. Once prison officials had contained the alleged disturbance and the inmates no longer presented further danger to prison staff, the public, or each other, prison officials were no longer required to make split-second decisions. At that time, the state-of-mind required to show an Eighth Amendment violation was deliberate indifference. See DeSpain v. Uphoff, 264 F.3d 965, 976 (10th Cir. 2001) (applying the "deliberate indifference" standard once the threat to safety during an inmate-led prison flood had ended); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000) (concluding the heightened Whitley standard applied during a prison riot, but the deliberate indifference standard governed prison officials' conduct once inmates were prone and handcuffed in a prison yard). Indeed, the Supreme Court said as much in Hope, when it concluded because "[a]ny safety concerns had long since abated by the time petitioner was handcuffed to the hitching post," prison officials had acted with deliberate indifference to the inmate's health and safety.[2] 536 U.S. at 738.

What is more, Taylor's claim is not limited to excessive use of force. Taylor's pleading included the condition of confinement claim and specifically mentioned deprivation of food. Pl.'s Am. Compl. 10. The district court recognized as much. Summ. J. Order 6 ("[I]t is not at all clear from the evidence why plaintiff could not have been provided a minimally nutritious diet while restrained."). "[A] party is entitled to an instruction on its theory of the case so long as it is legally correct and there is factual evidence to support it." Farmland Indus. Inc. v. Morrison-Quirk Grain Corp., 987 F.2d 1335, 1341 (8th Cir. 1993). And it is not open to question the deliberate indifference standard applies to denial-of-food claims. Farmer, 511 U.S.

---

[2]The prison officials cite Key v. McKinney, 176 F.3d 1083 (8th Cir. 1999) for the proposition the "malicious and sadistic" standard governs prison disturbances. In fact, we had no occasion to consider the applicability of the "malicious and sadistic" standard because the parties agreed the "deliberate indifference" standard was appropriately applied in that case. Id. at 1086.

at 832; Butler, 465 F.3d at 345-46.  In light of the pleadings, the summary judgment order, and the law, it cannot reasonably be disputed the deliberate indifference standard should have been applied to Taylor's case and Taylor was entitled to have the jury instructed on that standard.  Therefore, because the district court did not provide a required instruction in the face of incontrovertible law, the district court committed (1) error that is (2) clear and obvious.

Taylor must also show the error "affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings." Marcus, 130 S. Ct. at 2164.  An error is prejudicial if there is "'a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.'"  United States v. Kent, 531 F.3d 642, 656 (8th Cir. 2008) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004)).

Consider the two possible instructions.  First, the instruction given at trial:

Your verdict must be for the plaintiff and against defendant Dave Dormire if all the following elements have been proved:

> *First*, the defendant caused or permitted Arthur Taylor to be held on a restraint bench, without food, for multiple days, and
> *Second*, the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing harm, and not in a good faith effort to achieve a legitimate purpose; and
> *Third*, as a direct result, the plaintiff was damaged.

In determining whether the force was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted, and whether the force was used to achieve a legitimate purpose or wantonly for the very purpose of causing harm. "Maliciously" means intentionally injuring another without just cause

-11-

or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

If any of the above elements has not been proved, then your verdict must be for the defendant Dave Dormire.

Appellant's App. 177. Compare this instruction to the model Eighth Circuit jury instruction on deliberate indifference.

Deliberate indifference is established only if there is actual knowledge of a substantial risk that the plaintiff (describe serious medical problem or other serious harm that the defendant is expected to prevent) and if the defendant disregards that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Mere negligence or inadvertence does not constitute deliberate indifference.

Eighth Circuit Manual of Model Jury Instructions (Civil) § 4.44 (2012). The instructions require significantly different levels of culpability. By not providing a deliberate indifference instruction, the district court led the jury to believe Taylor had to show the prison officials denied him food maliciously and sadistically for the very purpose of causing harm. In fact, the jury could have found for Taylor upon a showing the prison officials were deliberately indifferent to his need to eat during the time he was shackled. Given the facts of the case, I believe it is reasonably probable the jury would have concluded differently had Taylor received the deliberate indifference instruction.

This is especially so given the prison officials were following Department of Corrections Policy in not providing Taylor food. The jury may have concluded because the prison officials were simply carrying out the Policy, they were not injuring Taylor without just cause or reason, engaging in extreme or excessive cruelty, or delighting in cruelty–in other words, not acting maliciously and

sadistically. Nevertheless, the jury could reasonably have found the prison officials knew of the significant risk to Taylor's health that followed from not feeding him, and disregarded that risk by adhering to the Policy. Therefore, I believe Taylor has shown the error omitting the instruction affected his substantial rights.

Finally, Taylor must show "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Marcus, 130 S. Ct. at 2164. "Jury instructions must fairly and adequately state the law, but 'we will not find error in instructions simply because they are technically imperfect or are not a model of clarity.'" Quigley v. Winter, 598 F.3d 938, 950 (8th Cir. 2010) (quoting Hastings v. Boston Mut. Life Ins. Co., 975 F.2d 506, 510 (8th Cir. 1992)). In close factual situations, "the standard of care and burden of proof have heightened importance and can easily affect the jury's ultimate verdict." Wheeling Pittsburgh Steel, 254 F.3d at 714; see also United States v. Herron, 97 F.3d 234, 238 (8th Cir. 1996) (internal citation and quotation marks omitted) ("[B]ecause it is unclear whether a properly instructed jury would have found [the defendant] guilty . . . failure to correct the district court's error could result in a miscarriage of justice and would seriously affect the fairness, integrity, or public reputation of judicial proceedings.").

Here, the jury was not instructed on the proper framework for analyzing and remedying the alleged constitutional violation. Permitting the verdict to stand when the jury may have found differently if given the required information would be a miscarriage of justice.

In sum, Taylor has satisfied the standard for plain error, and I would reverse the judgment of the district court on this basis. I concur in the majority's conclusion to reverse on the nominal damages instruction matter, and respectfully dissent from the majority's decision not to address the deliberate indifference instruction matter.

_____

-13-