BENTON, Circuit Judge.
Arthur E. Taylor, Jr. sued Missouri prison officials under 42 U.S.C. § 1983 for refusing to feed him for several days while he was restrained. A jury returned a verdict for the prison officials, which Taylor appeals. Jurisdiction being proper under 28 U.S.C. § 1291, this court reverses and remands.
I.
Taylor was a prisoner at the Jefferson City Correctional Center, a maximum security prison. According to Department of Corrections Policy, if a prisoner becomes concerned about potential violence within the cell, a prisoner may declare the cellmate an “enemy” and be removed from the cell. Prison officials then place the removed prisoner on a restraint bench until a compatible cellmate iá found, an individual cell becomes available, or the prisoner decides to return to the original cell. Policy provides that prisoners cannot be fed unless they are in a cell. The Policy does allow bathroom breaks and small amounts of water and also has an exception for medical necessity.
After an alleged argument on the evening of Friday, September 9, 2005, Taylor declared his cellmate an enemy and was removed from the cell. Prison officials shackled him to a metal restraint bench. Several other prisoners used the same procedure simultaneously, and still others were flooding their cells by tampering with the sprinklers. On Sunday, September 11, Taylor was placed in a cell with a new cellmate. Taylor did not eat the offered breakfast or lunch because he was sleeping. He had been unable to sleep the previous two days while sitting upright on the restraint bench. Later that day, after another alleged argument, Taylor declared his new cellmate an enemy and was returned to the bench. At all points, Taylor refused to return to a cell with either cellmate. Taylor remained on the bench or a metal stool until the evening of Wednesday, September 14. During that time, prison officials, following the Policy, did not feed Taylor. Taylor described having stomach pains, lightheadedness, and headaches as well as feeling weak. He first ate again on the morning of Thursday, September 15, after missing about twelve meals.
Taylor sued prison officials alleging violations of his Eighth and Fourteenth Amendment rights. His case proceeded to trial. Taylor’s counsel requested an exees *900 sive force instruction, which the district court gave. Taylor’s counsel also requested a nominal damages instruction, which the district court refused to give. The jury returned a verdict for the prison officials, finding “0” damages for Taylor.
II.
Both before and during trial, Taylor’s trial counsel requested a nominal damages instruction. A nominal damages instruction is appropriate in excessive force cases where there is evidence that the force, despite being excessive, did not cause a significant injury. Foulk v. Charrier, 262 F.3d 687, 701 (8th Cir.2001). A party is entitled to an instruction on its theory of the case if it is legally correct and there are facts to support it. Boesing v. Spiess, 540 F.3d 886, 890 (8th Cir.2008). This court reviews jury instructions for abuse of discretion and reverses a jury verdict when the failure to give a requested instruction misled the jury or had a probable effect on the verdict. See Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494, 500 (8th Cir.2010).
The district court erred in not submitting the instruction to the jury. “We believe the jury is required to award nominal damages once it has found cruel and unusual punishment if it has not been able to convert into dollars the injury and pain a plaintiff has suffered.” Cowans v. Wyrick, 862 F.2d 697, 699 (8th Cir.1988) (emphasis added); accord Foulk v. Charrier, 262 F.3d 687, 701 (8th Cir.2001). This view is consistent with the Eighth Circuit Model Jury Instruction for nominal damages, upon which Taylor based his proposed instruction. This instruction directs the jury that if it finds in favor of a plaintiff but finds that the damages have no monetary value, the jury “must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).” Eighth Circuit Model Jury Instruction 4.50B (West 2008 & 2011). The Committee Comments to this Instruction also state that “nominal damages must still be submitted in Eighth Amendment cases if requested.” Id. Moreover, the Notes on Use accompanying the Excessive Force Instruction that the district court used here state: “Nominal damages will also have to be submitted under Cowans.” Eighth Circuit Model Jury Instruction 4.30, note 7 (West 2008 & 2011) (emphasis added).
 The prison officials argue the error in not submitting the nominal damages instruction to the jury was harmless because the jury found in their favor. The government has the burden of proving harmless error. United States v. Pirani, 406 F.3d 543, 550 (8th Cir.2005) (en banc). Under the instruction the district court gave, damages are a required element of a verdict in favor of Taylor. See Eighth Circuit Model Jury Instruction 4.30 (West 2008 & 2011) (listing damages as the third element of the claim and stating that: “If any of the above elements has not been proved, then your verdict must be for the defendant.”); see also, e.g., Lee v. Andersen, 616 F.3d 803 (8th Cir.2010) (using same elements of excessive force instruction). That is, if the jury analyzed this element first and found no damages, it could not find excessive force. The instructions defined damages as including:
[t]he physical pain and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury; whether the injury is temporary or permanent and whether any resulting disability is partial or total and any aggravation of a pre-existing condition.
None of the instructions mentioned nominal damages. The damages instruction also stated: “Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you *901 must not award any damages under this Instruction by way of punishment or through sympathy.” In the absence of a nominal damages instruction, the instructions misled the jury.
The prison officials rely on Holloway v. Alexander, 957 F.2d 529, 531 (8th Cir.1992) to argue the error was harmless. The Holloway court did find that a failure to instruct on nominal damages was harmless because “the jury did not consider damages.... ” In this case, although the jury found for the defendants, it also wrote “0” in the space for damages on the verdict form. This shows that the jury considered the damages issue and found that Taylor had no damages under the instructions given. The lack of a nominal damages instruction had a probable effect on this verdict.
The district court abused its discretion in not submitting the requested nominal damages instruction to the jury.[1]
The judgment of the district court is reversed, and the case remanded for further proceedings consistent with this opinion.

. Taylor also seeks (plain error) review of the district court’s failure to give — after his failure to request — a jury instruction on deliberate indifference. This court need not address that issue because Taylor can request a deliberate indifference instruction if the issue arises again on remand in light of evidence at the retrial. See Qualley v. Clo-Tex Int'l, Inc., 212 F.3d 1123, 1132 n. 18 (8th Cir.2000) (“In light of our decision to remand the case, we decline to address whether a jury instruction on the doctrine of in pari delicto should be given in the new trial — that determination must be made in light of all of the admissible evidence submitted to the district court on retrial.”).