**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6331**

ANTONARI WILLIAM ALEXANDER,

Plaintiff - Appellant,

v.

BOYD PARKS; J. D. MALONEY; ROBERT GIBSON; J. C. MULLINS; M. W. PHIPPS; SERGEANT J. M. MESSER; LIEUTENANT G. A. ADAMS; UNIT MANAGER MICHAEL YOUNCE; WARDEN J. KISER; SERGEANT L. BRYANT; NURSE LINDA STUMP; JOHN DOE,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, District Judge.  (7:17-cv-00524-JPJ-JCH)

Submitted:  October 22, 2020                    Decided:  October 28, 2020

Before NIEMEYER and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Antonari William Alexander, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonari William Alexander filed suit against various prison officials alleging *inter alia* excessive force and bystander liability. After the district court dismissed certain claims and Defendants on summary judgment, a trial was held on Alexander's remaining claims, where Alexander proceeded pro se. The jury returned verdicts in favor of the Defendants. Alexander appeals.

Alexander first asserts that the district court suborned perjury. Subornation of perjury consists of three elements: (1) "the suborner should have known or believed or have had good reason to believe that the testimony given would be false;" (2) "should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity;" and (3) have "knowingly and willfully induced or procured the witness to give false testimony." *Petite v. United States*, 262 F.2d 788, 794 (4th Cir. 1959), *vacated on other grounds*, 361 U.S. 529 (1960); *see also United States v. Heater*, 63 F.3d 311, 320 (4th Cir. 1995) ("Subornation of perjury consists of procuring or instigating another to commit the crime of perjury."). Alexander does not allege that the district court induced or procured the testimony. His only argument is that the perjury was "obvious" and should have been noted or prohibited. As such, Alexander's claim lacks merit.

Alexander next asserts that the district court improperly prevented him from presenting the testimony of Correctional Officer Creed and from obtaining video footage from the handheld cameras that were used to document the interaction at issue. However, after a pretrial conference six days prior to trial, Alexander stated that his witnesses would

2

be his cellmate Russell Banks, Nurse Linda Stump, and Alexander himself.  Alexander withdrew his prior requests for other witnesses.

Regarding the video footage, Alexander asserted that the Defendants altered or destroyed the video footage.  The district court reviewed the footage and found no indication that the footage was edited or that footage was missing.  On appeal, Alexander repeats his conclusory arguments and offers no further evidence of misconduct.  Further, given that video footage of the incident in question does exist, Alexander failed to show prejudice from any deficiencies with the video evidence.

Alexander next contends that the district court purposefully prevented African Americans from being represented in the jury pool.  He presents no evidence or even a theory as to how this was done.  The Supreme Court has established the following standard for evaluating such a claim:

> In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to a systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).  Alexander merely alleges the under-representation of African Americans in the jury panel.  However, Alexander did not present any evidence of the racial make-up of the district or provide any evidence indicating a systematic exclusion of African Americans from the panel.  As such, Alexander's argument on appeal fails to satisfy the requirements of *Duren* to demonstrate a violation of the fair cross-section requirement.

3

Alexander next argues that the district court judge was biased against him. Specifically, he contends that the district court consistently ruled against him and admonished him but did not treat opposing counsel the same. In reviewing a claim of judicial bias, we must determine "whether the judge's behavior was so prejudicial that it denied [appellant] a fair, as opposed to a perfect, trial." *United States v. Logan*, 998 F.2d 1025, 1029 (D.C. Cir. 1993). As the threshold for a showing of bias is high, a finding of judicial bias must be based on "an abiding impression left from a reading of the entire record*," Offutt v. United States*, 348 U.S. 11, 12 (1954), not from particular comments or rulings considered in isolation, *United States v. Twomey*, 806 F.2d 1136, 1140 (1st Cir. 1986). While a judge's comments before the jury are subject to "special scrutiny" on a claim of bias, *United States v. Dellinger*, 472 F.2d 340, 386 (7th Cir. 1972), they must be highly prejudicial before they will be deemed to show judicial bias. Cf. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.... [But] they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.").

Our review of the record finds no evidence to support the claim that the judge's comments revealed prejudice against Alexander. The district court's comments were directed, not at the merits of Alexander's case, but at procedural and evidentiary issues. Moreover, the court has discretion to prevent improprieties during the trial, and the judge's enforcement of procedural restrictions was necessary to maintain order during trial.

Accordingly, Alexander has failed to show the necessary level of prejudice to show judicial bias.

Alexander next asserts that the district court abused its discretion when it allowed Alexander to be visibly restrained at some point in the trial. Alexander alleges that the jury was present was his handcuffs were removed. We generally review the district court's decision to place a defendant in restraints during trial for an abuse of discretion. *United States v. Midgett*, 488 F.3d 288, 298 (4th Cir. 2007). However, because Alexander did not object to the possible prejudicial effect of the restraints, Alexander's claims on appeal is reviewed for plain error. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018).

The jury here was necessarily aware that Alexander was a prisoner by the claims he presented during the trial and by his opening statement, such that the handcuffs likely did not result in any prejudice. *See Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992) (concluding that where "jury knew [plaintiff] and his witnesses were maximum security prisoners . . . , [n]o prejudice can result from [the jury] seeing that which is already known" (citation and internal quotation marks omitted)). Moreover, the jury was instructed that a party who had been convicted of a felony was "entitled to the same fair and impartial consideration of his case as in any person before the court." Finally, since Alexander contends that the jury saw his handcuffs being removed, it appears that for at least some of the trial, he was not in handcuffs. Thus, any impression the jury might have had that Alexander was dangerous and violent would have been lessened. As such, Alexander's visible restraints did not affect his substantial rights.

5

Alexander alleges that opposing counsel was permitted to yell at him and question him about irrelevancies, including the circumstances immediately prior to the incident in question. While the tenor of counsel's voice cannot be determined from the record, we note no protracted questioning or haranguing, and as noted above, Alexander's status as a felon was obvious and necessary to explaining the circumstances of his suit. Regarding evidence of the instigating incident, Alexander discussed the incident at length prior to opposing counsel's questioning or submission of evidence. In response, opposing counsel elicited testimony from her witnesses and showed video evidence. Given that Alexander raised the issue in the first instance and provided extensive evidence to support his side of the story, was no abuse of discretion in permitting opposing counsel to challenge that testimony. In addition, the evidence of the inciting incident was necessary to complete the context of the circumstances leading up to the alleged excessive force. Accordingly, there was no error by either opposing counsel or the district court in this regard.

Finally, Alexander asserts that the district court abused its discretion in denying his motion for appointment of counsel. The district court actually granted Alexander's motion for appointment of counsel to the extent to that it could find a pro bono attorney to represent Alexander. When the court was unsuccessful in locating a willing attorney, the court denied Alexander's further requests for counsel.

While a litigant in a 42 U.S.C. § 1983 suit has no right to appointed counsel, *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968), a district court's refusal to appoint counsel may be an abuse of discretion when "a pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)

6

(holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989). In a civil case, orders denying appointment of counsel are reviewed for abuse of discretion. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).

Here, the district court did not abuse its discretion in denying Alexander's motions for appointment of counsel. The court did attempt to obtain pro bono counsel, but no attorneys accepted the request, and the court correctly acknowledged that it did not have the authority to force counsel to accept Alexander's case on a pro bono basis, absent "exceptional circumstances." *See id.* Moreover, Alexander did not show that he lacked the capacity to proceed or present his claim to the jury, as he submitted well-reasoned pretrial pleadings and the trial presented essentially a factual dispute without any major legal issues.

Accordingly, we affirm the judgment of the district court. We deny Alexander's motion for a transfer to safer housing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*