# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3398

_____

| | | |
|---|---|---|
| Mary E. Sisk, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Picture People, Inc., | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: September 22, 2011
Filed: February 28, 2012

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Mary Ellen Sisk sued her former employer The Picture People, Inc. for retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2). At the close of her case-in-chief, the district court granted Picture People's motion for judgment as a matter of law. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In March 2000, Sisk began with Picture People as a manager-in-training at a photography studio in the Mid-Rivers Mall. Months later she became the Studio

Manager. In May 2005, Sisk moved to the West County Mall as Studio Manager, serving until August 23, 2007.

At work on June 3, 2007, Sisk experienced severe pain in her hip. She called in the assistant manager, left work, went to the hospital, but was not admitted. The next day, she saw an orthopedic surgeon, Dr. Thomas M. Hawk, who advised her to take the week off from work. On June 7, Dr. Hawk wrote Picture People authorizing Sisk to miss work from June 3 to June 13. Also on June 7, Andrea Buffkin, a benefits coordinator for Picture People, sent Sisk a certified letter explaining FMLA, placing her on unpaid FMLA leave retroactive to June 3, and authorizing up to 12 weeks of leave with proper medical certification.

The next Sunday, she felt something pop in her hip. She spent the next nine days in the hospital where Dr. Hawk performed surgery on both hips. Her husband notified Picture People of her worsening health, continuing her FMLA leave. Dr. Hawk provided certification for the leave.

On August 14, after nearly 11 weeks of FMLA leave, Dr. Hawk cleared Sisk to work. Buffkin asked Dr. Hawk whether she had any work restrictions on her return. Buffkin listed some activities that Sisk's job required ("climbing ladders, squatting and rolling on floor to take pictures, etc."). Dr. Hawk responded that Sisk had no restrictions.

Sisk returned to work on Monday, August 20. Three days later, Becky Weiler (her district manager) and Dennis Jones (her regional manager) arrived at her studio to conduct photo training.

After the training, Weiler and Jones met with Sisk in the mall's food court. Fearing the purpose of the meeting, she began crying before it began. During the meeting, Weiler repeatedly expressed concern over Sisk's health. Weiler also stated

that several of her employees, including the assistant manager, said she was physically unable to do her job and that – during the three days since returning from leave – Sisk refused to climb a ladder or perform a photo-sitting and called on her employees to pick up paper and pencils from the floor. Sisk felt badgered by Jones who told her several times that she needed to return to her doctor for more care and should consider quitting and reapplying when healthier.

The parties disagree over how the meeting ended. Picture People says Sisk resigned. Sisk says she was terminated. She admits that neither Jones nor Weiler explicitly said she was fired. Sisk assumed she was fired based on Jones's comments that she was a liability, that Picture People did not have a position for her in her current condition, and that she should resign. Nobody at the meeting said anything about her use of FMLA leave. The meeting ended when Sisk tore up her name tag and turned in her keys. August 23, 2007, was Sisk's last day with Picture People.

Sisk sued Picture People for FMLA retaliation. After two days of trial, Sisk closed her case-in-chief. Picture People orally moved for judgment as a matter of law, which the district court granted. The court noted that Sisk's evidence "could be sufficient to establish a prima facie case" of retaliation. However, the court required Sisk to show "more than a prima facie case of . . . retaliation" – because the case was at trial – and concluded that Sisk had failed to make that showing.

On appeal, Sisk challenges the grant of judgment as a matter of law. A district court may enter judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." **Fed. R. Civ. P. 50(a)(1)**. This court reviews de novo a district court's grant of judgment as a matter of law, applying the same standard as the district court. **Roberson v. AFC Enters., Inc.**, 602 F.3d 931, 933 (8th Cir. 2010). This court must "resolve direct factual conflicts in favor of the nonmovant," "assume as true all facts supporting the

nonmovant which the evidence tended to prove," and "give the nonmovant the benefit of all reasonable inferences." ***Id.***, *quoting **Larson ex rel. Larson v. Miller***, 76 F.3d 1446, 1452 (8th Cir. 1996) (en banc).

I.

"The FMLA entitles an employee to twelve workweeks of leave during any twelve-month period if he or she has a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" ***Wierman v. Casey's Gen. Stores***, 638 F.3d 984, 999 (8th Cir. 2011), *quoting* **29 U.S.C. § 2612(a)(1)(D)**. The FMLA authorizes two types of claims: interference or retaliation. *See **id.*** Sisk asserts only a retaliation claim. In a retaliation claim, "the employee alleges that the employer discriminated against her for exercising her FMLA rights." ***Id.***, *citing **Phillips v. Mathews***, 547 F.3d 905, 909 (8th Cir. 2008).

Absent direct evidence, an FMLA retaliation claim is evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). ***Id.*** The employee must first establish a prima facie case, which creates a presumption of unlawful retaliation. ***Id.*** The burden then shifts to the employer to "articulate a legitimate, non-retaliatory reason for its action." ***Id.*** If the employer meets this burden of production, the employee "must then identify evidence sufficient to create a genuine issue of material fact whether [the employer's] proffered explanation is merely a pretext for unlawful retaliation." ***Id.***

In this case, Picture People did not offer a non-discriminatory reason for the alleged termination. Until a defendant articulates a non-discriminatory reason for the alleged adverse employment action, the relevant inquiry is the sufficiency of the

-4-

plaintiff's prima facie case.[1]  *Assuming* a defendant does not articulate a reason for its alleged act, three scenarios are possible: First, if the court determines that no reasonable jury can find facts constituting a prima facie case, the defendant prevails as a matter of law.  *See, e.g.*, **Quinn v. St. Louis Cnty.**, 653 F.3d 745, 754 (8th Cir. 2011).  Second, if the court determines that a reasonable jury must find that the plaintiff has established a prima facie case, the plaintiff prevails as a matter of law. *See* **St. Mary's Honor Ctr. v. Hicks**, 509 U.S. 502, 509 (1993).  Third, if "reasonable minds could differ as to whether a preponderance of the evidence establishes the facts of a prima facie case, then a question of fact . . . remain[s], which the trier of fact will be called upon to answer."  *Id.* at 510-11 (emphasis omitted).

The district court should not have stated that the prima facie case is not relevant once an FMLA retaliation case goes to trial.  The evidence produced – not the stage of proceeding – determines the burden on the plaintiff.  Because Picture

---

[1]If the defendant carries its burden of production (by articulating a non-discriminatory reason for its act), the prima facie case is no longer relevant and the focus turns to the ultimate issue of retaliation.  *See* **Hicks**, 509 U.S. at 510.  For cases that explain a court's inquiry *after* the defendant meets its burden of production, see *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 142 (2000) ("Respondent met this burden by offering admissible evidence sufficient for the trier of fact to conclude that petitioner was fired because of his failure to maintain accurate attendance records."), *Hicks*, 509 U.S. at 509 ("By producing evidence . . . of nondiscriminatory reasons, petitioners sustained their burden of production . . . ."), and *U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714-15 (1983) ("[W]hen the defendant . . . responds to the plaintiff's proof by offering evidence of the reason for the plaintiff's rejection, the fact finder must *then* decide whether the rejection was discriminatory within the meaning of Title VII." (emphasis added)).  *See also* **Texas Dep't of Cmty. Affairs v. Burdine**, 450 U.S. 248, 249-50 (1981) (addressing "the nature of the evidentiary burden placed upon the defendant in an employment discrimination suit brought under Title VII").  None of these cases disturb the requirement that a defendant meet a *valid* prima facie case by articulating a non-discriminatory reason for its actions.

People did not offer a non-discriminatory reason for its alleged act, the proper inquiry for the district court – even at trial – was whether Sisk's evidence was sufficient to establish a prima facie case.

## II.

On de novo review, this court must examine Sisk's evidence to determine whether a reasonable jury could find that she established a prima facie case of FMLA retaliation. To establish a prima face case of FMLA retaliation, she "must show that: 1) she engaged in protected conduct; 2) she suffered a materially adverse employment action; and 3) the materially adverse action was causally linked to the protected conduct." *Wierman*, 638 F.3d at 999.

The first two elements are not disputed on appeal. Sisk has not, however, established a causal link sufficient for a prima facie case. At trial and on appeal, Sisk says that the only evidence of a causal link is the temporal proximity between her FMLA leave and the alleged termination. Picture People received notice of Sisk's protected activity as early as June 7, when the benefits coordinator placed her on FMLA leave. Sisk's alleged termination took place more than two months later. Sisk argues that the relevant date for causation is the date she returned to work, three days before she was terminated. However, this court looks to the date an employer knew of an employee's use (or planned use) of FMLA leave, not the date it ended. *See Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 833 (8th Cir. 2002) (measuring from the day the employee began her leave, although the employee was terminated on the day she returned).[2]

---

[2]To the extent passing references in later opinions of this court may conflict with the analysis in *Allen Health Systems*, *see, e.g.*, **McBurney v. Stew Hansen's Dodge City, Inc.**, 398 F.3d 998, 1003 (8th Cir. 2005) (measuring the relevant time lapse from the employee's return from FMLA leave), this panel is bound to follow the earlier opinion. *See **Mader v. United States***, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("[W]hen faced with conflicting panel opinions, the earliest opinion must be followed . . . .").

"Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." ***Kiel v. Select Artificials, Inc.***, 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc). In order for temporal proximity alone to be sufficient, "the temporal proximity must be very close." ***Hite v. Vermeer Mfg. Co.***, 446 F.3d 858, 866 (8th Cir. 2006) (internal quotation marks omitted); *see also* ***Clark Cnty. Sch. Dist. v. Breeden***, 532 U.S. 268, 273 (2001) (per curiam). This court has not drawn a definitive line, and there is no need to do so here. More than two months is too long to support a finding of causation without something more. *See* ***Smith v. Fairview Ridges Hosp.***, 625 F.3d 1076, 1088 (8th Cir. 2010) (finding one month is not close enough), *cert. denied*, 131 S. Ct. 2904 (2011); ***Wisbey v. City of Lincoln***, 612 F.3d 667, 676 (8th Cir. 2010) (same); *cf.* ***Allen Health Sys.***, 302 F.3d at 833 ("[The employees] family leave began on January 1 and [the employer] discharged [the employee] on January 14. These two events are extremely close in time and we conclude that under our precedent this is sufficient, *but barely so*, to establish causation, completing [the plaintiff's] prima facie case." (emphasis added)). Because Sisk fails to provide any other evidence linking her termination to her use of FMLA leave, a reasonable jury would not have a legally sufficient evidentiary basis to find for her on that issue. Picture People is entitled to judgment as a matter of law.

The judgment of the district court is affirmed.

_____