# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3842

_____

Barbara Hager

*Plaintiff - Appellee*

v.

Arkansas Department of Health; Namvar Zohoori, individually and in his official capacity

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 24, 2013
Filed: November 14, 2013

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Barbara Hager was fired from the Arkansas Department of Health by her supervisor, Dr. Namvar Zohoori. Hager sued Dr. Zohoori and the Department for statutory and constitutional violations. The district court granted, in part, their motion to dismiss. They appeal. Having jurisdiction under 28 U.S.C. § 1291 over Dr. Zohoori's appeal, this court reverses and remands.

## I.

Hager claims that in May 2011, her branch chief and supervisor, Dr. Zohoori, instructed her to cancel a doctor's appointment (necessary, she says, to prevent cataracts) in order to discuss a report. When she refused, she alleges Dr. Zohoori became irritated and falsely claimed she was insubordinate and disrespectful. Four days later, he terminated her without explanation.

Hager sued Dr. Zohoori, in his individual and official capacities, and the Department alleging violations of Title VII of the Civil Rights Act of 1964, the Equal Protection and Due Process Clauses of the Constitution (§ 1983 claim), the Age Discrimination and Employment Act, the Rehabilitation Act, and the Family and Medical Leave Act (FMLA).

Dr. Zohoori and the Department moved to dismiss for failure to state a claim and sovereign immunity. The district court denied their motion in part, allowing three claims against Dr. Zohoori in his individual capacity (§ 1983 gender discrimination, FMLA "interference," and FMLA "retaliation") and two claims against the Department (Title VII and Rehabilitation Act). They appeal.

## II.

Hager objects to this court's jurisdiction over Dr. Zohoori's appeal, arguing it turns on issues of factual sufficiency. A denial of qualified immunity is an appealable "final decision" only "to the extent it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Hager relies on cases reviewing a denial of summary judgment based on qualified immunity. *See Johnson v. Jones*, 515 U.S. 304, 313-14 (1995) (holding that where a district court's summary judgment order on qualified immunity turns on the issue of evidence sufficiency—"which facts a party may, or

may not, be able to prove at trial"—the order is not appealable); ***Powell v. Johnson***, 405 F.3d 652, 654-55 (8th Cir. 2005). In *Ashcroft v. Iqbal*, the Supreme Court determined the jurisdiction of a court of appeals in a case like Hager's—denial of a motion to dismiss based on qualified immunity:

> As a general matter, the collateral-order doctrine may have expanded beyond the limits dictated by its internal logic and the strict application of the criteria set out in *Cohen*. But the applicability of the doctrine in the context of qualified-immunity claims is well established; and this Court has been careful to say that a district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a "final decision" within the meaning of § 1291. *Behrens*, 516 U.S., at 307, 116 S. Ct. 834.

> Applying these principles, we conclude that the Court of Appeals had jurisdiction to hear petitioners' appeal. The District Court's order denying petitioners' motion to dismiss turned on an issue of law and rejected the defense of qualified immunity. It was therefore a final decision "subject to immediate appeal." *Ibid*. Respondent says that "a qualified immunity appeal based solely on the complaint's failure to state a claim, and not on the ultimate issues relevant to the qualified immunity defense itself, is not a proper subject of interlocutory jurisdiction." Brief for Respondent Iqbal 15 (hereinafter Iqbal Brief). In other words, respondent contends the Court of Appeals had jurisdiction to determine whether his complaint avers a clearly established constitutional violation but that it lacked jurisdiction to pass on the sufficiency of his pleadings. Our opinions, however, make clear that appellate jurisdiction is not so strictly confined.

*Iqbal*, 556 U.S. 662, 672-73 (2009).

Here, Dr. Zohoori challenges the sufficiency of Hager's pleadings to state § 1983, FMLA "interference," and FMLA "retaliation" claims. This is an issue of law over which this court has jurisdiction. *See id.* at 672-74; ***Bradford v. Huckabee***, 394 F.3d 1012, 1015 (8th Cir. 2005). *See also* ***Rondigo, L.L.C. v. Township of Richmond***, 641 F.3d 673, 679 (6th Cir. 2011).

III.

This court reviews de novo the denial of a motion to dismiss on the basis of qualified immunity. ***Bradford***, 394 F.3d at 1015. A complaint must "state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007). Under Federal Rule of Civil Procedure 12(b)(6), the factual allegations in the complaint are accepted as true and viewed most favorably to the plaintiff. ***Gross v. Weber***, 186 F.3d 1089, 1090 (8th Cir. 1999). Courts must not presume the truth of legal conclusions couched as factual allegations. ***Papasan v. Allain***, 478 U.S. 265, 286 (1986). Courts should dismiss complaints based on "labels and conclusions, and a formulaic recitation of the elements of a cause of action." ***Twombly***, 550 U.S. at 555.

Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). *See also* ***Iqbal***, 556 U.S. at 685; ***Mitchell***, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). A court considers whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction. ***Powell***, 405 F.3d at 654-55. *See* ***Pearson v. Callahan***, 555 U.S. 223, 236 (2009) ("[D]istrict courts and the courts of

-4-

appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

## A.

The § 1983 claim against Dr. Zohoori individually (Count I) alleges that Hager was "a victim of gender discrimination . . . and has been denied her right of equal protection of the law and due process of the law." Specifically, she contends she "was discharged under circumstances summarily [sic] situated nondisabled males . . . were not."

"[T]he Equal Protection Clause requires that the government treat such similarly situated persons alike." *Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996), *citing* *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985); *Klinger v. Department of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994). Absent evidence of direct discrimination, courts apply the *McDonnell Douglas* burden-shifting analysis to claims of employment discrimination under the Equal Protection Clause. *Lockridge v. Board of Trs. of Univ. of Arkansas*, 315 F.3d 1005, 1010 (8th Cir. 2003) (en banc). Under *McDonnell Douglas*, a prima facie case of discrimination requires that a plaintiff prove: "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973).

Dr. Zohoori argues that Hager does not state a § 1983 claim for gender discrimination because her allegation—that she "was discharged under circumstances summarily [sic] situated nondisabled males, younger people, or those that did not require leave or accommodation were not"—is a legal conclusion. Hager contends

her "similarly situated" allegation is sufficient because *McDonnell Douglas* is "an evidentiary standard, not a pleading requirement." **Swierkiewicz**, 534 U.S. at 510; **Ring v. First Interstate Mortg**., 984 F.2d 924, 926 (8th Cir. 1993).

Under *Swierkiewicz*, a plaintiff need not plead facts establishing a prima facie case of discrimination under *McDonnell Douglas* in order to defeat a motion to dismiss. **Swierkiewicz**, 534 U.S. at 510-11. The complaint "must contain only 'a short and plain statement of the claim showing the pleader is entitled to relief.'" **Id.** at 508. "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" **Id.** at 512, *citing* **Conley v. Gibson**, 355 U.S. 41, 47 (1957).

In *Twombly*, the Supreme Court stated that *Swierkiewicz* did not change the law of pleading. **Twombly**, 550 U.S. at 569. Rather, courts need "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." **Id.** at 570. "[L]egal conclusions can provide the framework of a complaint" but "must be supported by factual allegations," *Iqbal*, 556 U.S. at 679, that "raise a right to relief above the speculative level." **Twombly**, 550 U.S. at 555. Thus, this court applies "the ordinary rules for assessing the sufficiency of a complaint," *Swierkiewicz*, 534 U.S. at 511, to consider whether Hager states a § 1983 claim for gender discrimination. *See* **Twombly**, 550 U.S. at 570.

Hager relies primarily on *Swierkiewicz*. However, her complaint has far fewer factual allegations than the complaint there. In *Swierkiewicz*, the complaint for age and nationality discrimination alleged: the plaintiff was demoted and replaced by a younger employee of the employer's nationality; the replacement was inexperienced; in promoting the younger, inexperienced employee, the employer wanted to "energize" the department; the employer excluded and isolated plaintiff from business decisions and meetings; plaintiff sent a memo outlining his grievances and tried to

meet with the employer to discuss his discontent; and plaintiff was fired. *Swierkiewicz*, 534 U.S. at 508-09.

Hager makes only two conclusory allegations of gender discrimination: (1) she "is a victim of gender discrimination;" and (2) she "was discharged under circumstances summarily [sic] situated nondisabled males . . . were not." She does not allege any gender-related comments or conduct before her termination. *See Rondigo*, 641 F.3d at 682 (granting qualified immunity in part because the complaint contained no allegations of gender-based discriminatory actions). She also does not allege facts showing that similarly situated employees were treated differently. *See Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (plaintiff's conclusory allegation that he "was treated differently as a result of his race than whites"—even where plaintiff identified an alleged comparator—was insufficient to sustain a Title VII claim because no factual allegations plausibly suggested the comparator was similarly situated). *See also Keevan*, 100 F.3d at 648 ("To establish a gender-based claim under the Equal Protection Clause, the appellants must, as a threshold matter, demonstrate that they have been treated differently by a state actor than others who are similarly situated simply because appellants belong to a particular protected class.").

In sum, Hager does not state a § 1983 claim for gender discrimination. Hager's allegation that she is the victim of gender discrimination fails to give Dr. Zohoori fair notice of the claim and the grounds upon which it rests. *See Swierkiewicz*, 534 U.S. at 512. Hager's conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. The district court erred in denying Dr. Zohoori's motion to dismiss the § 1983 claim.

B.

Hager alleges a claim for "interfering with exercise of Plaintiff's rights under the FMLA." Under the categorization in *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996 (8th Cir. 2012), Hager's "interference" claim is an entitlement claim. ***Pulczinski***, 691 F.3d at 1005-06. "The FMLA entitles an employee to twelve workweeks of leave during any twelve-month period if he or she has a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" ***Sisk v. Picture People, Inc.***, 669 F.3d 896, 899 (8th Cir. 2012), *quoting* ***Wierman v. Casey's Gen. Stores***, 638 F.3d 984, 999 (8th Cir. 2011), *quoting* **29 U.S.C. § 2612(a)(1)(D)**. An FMLA entitlement claim arises when an employer denies or interferes with an employee's substantive FMLA rights. ***Scobey v. Nucor Steel-Arkansas***, 580 F.3d 781, 785 (8th Cir. 2009).

An employee seeking FMLA leave must give the employer notice of the need for leave and indicate when she anticipates returning to work. ***Id.*** at 785-86. *See also* ***Rynders v. Williams***, 650 F.3d 1188, 1196-97 (8th Cir. 2011) (plaintiff must prove she gave timely notice to defendant himself). Although the notice need not specifically invoke the FMLA, an employee "must provide information to suggest that [her] health condition could be serious." ***Scobey***, 580 F.3d at 786. When the leave is foreseeable, the employee must give at least thirty days notice. **29 C.F.R. § 825.302**. When the leave is not foreseeable, "an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case." **29 C.F.R. § 825.303**.

Hager alleges that she "saw a physician regularly for her cataracts," but "[o]n May 13, 2011, [Dr. Zohoori] instructed her to cancel the doctor's appointment so she and he could discuss a report." She also avers that she explained "the reason she needed to go to the doctor," that "she could not cancel the appointment," and why she could not cancel. These allegations do not state an FMLA entitlement claim. While

Hager alleges that she provided information suggesting a serious health condition, she does not allege that she provided timely notice. Hager's pleadings at best suggest Dr. Zohoori was aware of her leave request immediately prior to the appointment. They do not assert that she provided notice within thirty days or "as soon as practicable under the circumstances." Nor do they assert that she indicated when she would return. *See generally* ***Bosley v. Cargill Meat Solutions Corp.***, 705 F.3d 777, 780 (8th Cir. 2013) (there is a "rigorous notice standard for employees seeking to use FMLA leave for absences").

The district court erred in denying Dr. Zohoori's motion to dismiss the FMLA entitlement claim.

C.

Hager also alleges a claim for "retaliating against her." Under the categorization in *Pulczinski*, Hager's "retaliation" claim is a discrimination claim. ***Pulczinski***, 691 F.3d at 1006. In a discrimination claim, "the employee alleges that the employer discriminated against her for exercising her FMLA rights." ***Sisk***, 669 F.3d at 899, *quoting* ***Wierman***, 638 F.3d at 999. Absent direct evidence, an FMLA discrimination claim is analyzed under the *McDonnell Douglas* burden-shifting framework. ***Sisk***, 669 F.3d at 899. The plaintiff must "show that she exercised rights afforded by the Act, that she suffered an adverse employment action, and that there was a causal connection between her exercise of rights and the adverse employment action." ***Phillips v. Mathews***, 547 F.3d 905, 912 (8th Cir. 2008), *quoting* ***Smith v. Allen Health Sys., Inc.***, 302 F.3d 827, 832 (8th Cir. 2002). This is an evidentiary, not a pleading, standard. ***Swierkiewicz***, 534 U.S. at 510.

Hager alleges that Dr. Zohoori discriminated against her—firing her—because she exercised her FMLA rights—tried to take leave for a doctor's appointment, which was "necessary to insure that [her] condition did not develop into a serious health

condition, cataracts." If Hager had properly alleged notice, these allegations would be sufficient. *See Wehrley v. American Family Mut. Ins. Co.*, 513 Fed. Appx. 733, 742 (10th Cir. 2013) ("Three other circuits have concluded that notifying an employer of the intent to take FMLA leave is protected activity. . . . We are persuaded to follow these circuits."), *citing Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1276 (11th Cir. 2012); *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009); *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001). However, because Hager failed to plead notice of intent to take FMLA leave, and that she was qualified for that leave, she has not sufficiently alleged that she exercised FMLA rights. *See Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 828 (7th Cir. 2012) ("The district court held that because Nicholson did not provide sufficient notice of the need for FMLA-qualifying leave, she never engaged in any activity protected by the FMLA. For the reasons we have explained, we agree.").

The district court erred in denying Dr. Zohoori's motion to dismiss the FMLA discrimination claim.

IV.

Although Hager did not move to amend the complaint in the district court—where the relevant pleadings were found sufficient—she requests remand to allow an amended complaint for any claims insufficiently pled. Hager should be no worse off, and no better off, than she would have been if the district court had granted the motion to dismiss. *See Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 804-05 (8th Cir. 2013) (evaluating standards applicable to post-judgment motions). This court remands for the district court to consider whether to allow Hager to amend her pleadings. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (granting leave to amend is within the discretion of the district court).

V.

The Arkansas Department of Health requests that this court exercise its pendent appellate jurisdiction to review the district court's partial denial of its motion to dismiss. *See **Langford v. Norris***, 614 F.3d 445, 457 (8th Cir. 2010) ("[W]hen an interlocutory appeal is before us . . . as to the defense of qualified immunity, we have jurisdiction also to decide closely related issues of law, i.e., pendent appellate claims.") (internal quotation marks omitted), *quoting **Kincade v. City of Blue Springs, Mo.***, 64 F.3d 389, 394 (8th Cir. 1995). The Department maintains that Hager's claims against it are inextricably intertwined with her claims against Dr. Zohoori. The Department reasons that if Hager's "similarly situated" allegation does not sustain her § 1983 and FMLA discrimination claims against Dr. Zohoori, it cannot sustain her Title VII and Rehabilitation Act claims against the Department.

"[A] pendent appellate claim can be regarded as inextricably intertwined with a properly reviewable claim on collateral appeal only if the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal—that is, when the appellate resolution of the collateral appeal necessarily resolves the pendent claim as well." ***Kincade***, 64 F.3d at 394, *quoting **Moore v. City of Wynnewood***, 57 F.3d 924, 930 (10th Cir. 1995). *See also **Lockridge***, 315 F.3d at 1012. Here, resolution of the "similarly situated" issue may illuminate the Department's argument that Hager failed to state a claim against it. However, the Department's claims are not coterminous with or subsumed in Dr. Zohoori's claims. Hager sues under different statutes, and the Department cannot invoke qualified immunity. This court does not have jurisdiction to hear the Department's appeal.

*******

The denial of Dr. Zohoori's motion to dismiss the § 1983 claim, the FMLA entitlement claim, and the FMLA discrimination claim is reversed. This case is remanded for proceedings consistent with this opinion.

_____