# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3328

———————————————

Maurice E. Jones

*Plaintiff - Appellant*

v.

St. Luke's Hospital of Kansas City

*Defendant - Appellee*

——————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————

Submitted: May 5, 2015
Filed: May 28, 2015
[Unpublished]

——————

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

——————

PER CURIAM.

Maurice Jones appeals the district court's[1] dismissal of his employment discrimination complaint against St. Luke's Hospital of Kansas City, in which he

———————————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

alleged that St. Luke's employees treated him unfairly, wrongfully terminated him, harassed him, and retaliated against him. Following careful de novo review, see Olympus Ins. Co. v. AON Benfield, Inc., 711 F.3d 894, 897 (8th Cir. 2013), we agree with the district court that the complaint failed to state a claim upon which relief could be granted, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 570 (2007) (factual allegations must be sufficient to raise right to relief above speculative level). Even considering the additional allegations Jones raised in his response to St. Luke's dismissal motion, see Neudecker v. Boisclair Corp., 351 F.3d 361, 362 (8th Cir. 2003) (per curiam), he did not allege sufficient facts to state a plausible claim for discrimination based on a protected class, see Hager v. Ark. Dept. of Health, 735 F.3d 1009, 1015 (8th Cir. 2013) (plaintiff failed to state claim for gender discrimination where she alleged neither gender-related comments or conduct nor facts showing similarly situated employees were treated differently); Hill v. St. Louis Univ., 123 F.3d 1114, 1119-20 (8th Cir. 1997) (federal discrimination statutes serve narrow purpose of prohibiting discrimination based on classifications such as age, gender, or race; statutes do not prohibit employment decisions based on poor job performance, erroneous evaluations, personal conflicts between employees, or unsound business practices); for retaliation, as he did not allege that he opposed unlawful employment practices, see 42 U.S.C. § 2000e-3(a) (Title VII prohibits retaliation against employees for opposing an unlawful employment practice or for making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII); or for a hostile work environment, as he did not allege facts showing severe or pervasive harassment based on a protected status, see Ellis v. Houston, 742 F.3d 307, 319 (8th Cir. 2014). We therefore affirm.

_____