# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3833

_____

Johnell A. Bell, I

*Plaintiff - Appellant*

v.

George A. Lombardi, Director of Missouri Department of Corrections, Individually and Officially; Dwayne Kempker, Deputy Director, Individually and Officially; Terry Russell, Warden, ERDCC, Individually and Officially; Jason Lewis, Deputy Warden, Individually and Officially

*Defendants - Appellees*

Don Roper, FUM, ERDCC, (Retired), Individually and Officially

*Defendant*

Fred Treece, Major, Chief of Custody, ERDCC, Individually and Officially; David Vandergriff, Captain, ERDCC, Individually and Officially; Randall Owens, Investigator, ERDCC, Individually and Officially; Ralph Sturdevant, Investigator, ERDCC, Individually and Officially; David Howe, Correctional Officer II, ERDCC, Individually and Officially; Sam McFerron; Jordan Villmer, Correctional Officer I, ERDCC, Individually and Officially; Timothy Jones, Correctional Officer I, ERDCC, Individually and Officially; Matthew W. Downs, Correctional Officer I, ERDCC, Individually and Officially; Margaret Huff, Correctional Officer I, ERDCC, Individually and Officially; Terry Russell, Jr., Correctional Officer I, ERDCC, Individually and Officially

*Defendants - Appellees*

Tina Coffman, Nurse, ERDCC, Individually and Officially

*Defendant*

Kathy Moore, CCM, ERDCC, Individually and Officially

*Defendant - Appellee*

John Montgomery, FUM, ERDCC, Individually and Officially; John Doe, Correctional Officer III, ERDCC, Individually and Officially; Benjamin Dement, Correctional Officer II, ERDCC, Individually and Officially; John Francis, Correctional Officer III, ERDCC, Individually and Officially; John Doe, Correctional Officer III, ERDCC, Individually and Officially

*Defendant*s

Christopher Skaggs, CCM, ERDCC, Individually and Officially

*Defendant - Appellee*

Marge Riley, Nurse, ERDCC, Individually and Officially; Todd Renshaw, Nurse, ERDCC, Individually and Officially; David Mullen, Doctor, ERDCC, Individually and Officially; Shanta Pribble, Medical Administrator, ERDCC, Individually and Officially; Rosa Lee, Nurse Director, ERDCC, Individually and Officially

*Defendant*s

Brock LaPlant, CCM II, Grievance Officer, ERDCC, Individually and Officially

*Defendant - Appellee*

Brett Ferguson, Doctor, ERDCC, Individually and Officially; Unknown Bates, Investigator, ERDCC, Individually and Officially

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 29, 2017
Filed: December 18, 2017
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Johnell Bell appeals the judgment the district court[1] entered in his 42 U.S.C. § 1983 action arising from an altercation he had with correctional officers at Eastern Reception Diagnostic Correctional Center. The case proceeded to trial, during which the district court adversely granted judgment as a matter of law on some claims and the jury returned an adverse verdict on the remaining claims. Bell challenges pretrial rulings on motions in limine, the court's grant of judgment as a matter of law, and the court's handling of two evidentiary matters during the trial.

After careful consideration, we conclude that the court did not abuse its discretion with respect to the challenged pretrial rulings. *See United States v. Chaika*, 695 F.3d 741, 744 (8th Cir. 2012) (noting that weighing the probative value of evidence against its prejudicial effect is committed to the sound discretion of the district court); *cf. Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992) (stating

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, now retired.

-3-

that no prejudice could result from the jury seeing what was already known).  We further conclude that the district court did not err in granting judgment as a matter of law on some of Bell's claims.  *See Sisk v. Picture People, Inc.*, 669 F.3d 896, 899 (8th Cir. 2012) (reviewing grant of judgment as a matter of law *de novo*); *see also Martin v. Sergent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (noting that personal involvement is a prerequisite to liability under § 1983); *cf. Goulet v. New Penn Motor Express, Inc.*, 512 F.3d 34, 43 (1st Cir. 2008) (applying harmless-error standard where a jury verdict necessarily defeated a claim for which directed verdict was granted).  Finally, as to the evidentiary matters identified by Bell, we conclude that one was appropriately handled by the district court *sua sponte*, *cf. Parsons v. First Investors Corp.*, 122 F.3d 525, 529 (8th Cir. 1997) (concluding that district court appropriately handled evidentiary matter by, *inter alia*, giving a curative instruction), and that the other, for which there was no timely objection, did not result in plain error, *see Powell v. Burns*, 763 F.2d 337, 338 (8th Cir. 1985) (noting that failure to raise timely objection to testimony waives any objection absent plain error).

Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____