# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-3531

_____

Stephen Newport

*Plaintiff - Appellee*

v.

Brian Payton; City of Bettendorf

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: July 6, 2020
Filed: August 11, 2020
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Stephen Newport brought suit against Brian Payton and the City of Bettendorf pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss based in part on qualified immunity. The district court denied the motion and also denied defendants' subsequent motion for reconsideration based on qualified immunity. Defendants appeal the denial of qualified immunity, arguing solely that because the district court

failed to rule on Payton's qualified immunity defense, this court should reverse and remand with instructions for the district court to thoroughly rule on the issue. Newport counters that the district court had no duty to thoroughly analyze qualified immunity on a motion to dismiss, and contends this court lacks jurisdiction over the premature appeal.

Having jurisdiction over this appeal, see Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009); Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1012, 1014 (8th Cir. 2013), and upon careful review of the record, we conclude that it is apparent the district court, in denying the motion to dismiss and motion for reconsideration, applied the relevant federal pleading standards and concluded that Newport sufficiently alleged plausible claims for violations of his constitutional rights, and that such rights were clearly established, see Iqbal, 556 U.S. at 673 (discussing standards for denial of motion to dismiss based on qualified immunity); Kulkay v. Roy, 847 F.3d 637, 642 (8th Cir. 2017) (same). Because defendants offer no argument on appeal as to why Payton was entitled to qualified immunity on the face of the complaint, we decline to consider the merits of the district court's ruling *sua sponte*. See Waters v. Madson, 921 F.3d 725, 744 (8th Cir. 2019).

Accordingly, the judgment of the district court is affirmed, without prejudice to defendants again raising a qualified immunity defense later in the proceedings. See 8th Cir. R. 47B.

_____