**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE LEE CARPENTER, | No. 14-15739 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00114-SAB |
| v. | |
| A. PFEIL, Correctional Sgt.; J. GONZALEZ, C/O; J. BARAJAS, C/O; ORTIZ, C/O; A. SALAZAR; J. MARTINEZ; LITTON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

Before: BENAVIDES[**], N.R. SMITH, and OWENS, Circuit Judges.

Plaintiff-Appellant Willie Carpenter ("Carpenter"), a state prisoner, brought

this action under 28 U.S.C. § 1983 alleging use of excessive force and failure to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

protect by correctional officers in violation of the Eighth and Fourteenth Amendments. On appeal, Carpenter argues that he was denied a fair trial for his § 1983 claims in a number of ways: (1) the district court allowed him to be held in shackles throughout the two trials without first holding a hearing to determine whether shackles were necessary; (2) the district court abused its discretion in the management of trial, particularly by failing to intervene in violations of the Federal Rules of Evidence; and (3) the district court denied Carpenter's repeated requests for counsel. We address each issue in turn and we affirm.

## 1.

As an initial matter, Carpenter did not object to being held in restraints. Carpenter's comment regarding his restraints—which he seeks to characterize as a proper objection—was not a request for modification or removal of the restraints. During a sidebar prior to closing instructions in the first trial, when asked by the district court whether he would argue from the table or whether he would stand, Carpenter responded, "But then the chains going to make noise. They already know I'm in jail." Carpenter made no mention of the restraints during the second trial. Because he did not object to the issue he brings on appeal, we review for plain error. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). Under such a review, we reverse "only when there is (1) error that is (2) plain,

(3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011) (quoting *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009)).

No plain error occurred here. We have held that criminal defendants may not be shackled during criminal trials and sentencing proceedings before juries without compelling circumstances that restraints are needed, and that district courts must pursue less restrictive options before imposing restraints. *Duckett v. Godinez*, 67 F.3d 734, 747-49 (9th Cir. 1995). We have also recognized that binding someone in restraints during a state involuntary commitment hearing, while in the presence of the jury, may violate due process. *Tyars v. Finner*, 709 F.2d 1274, 1284-85 (9th Cir. 1983). In *Tyars*, we also noted that "criminal case precedents do not necessarily apply in a civil proceeding," but nevertheless applied a similar balancing test. *Id.* at 1285; *see also Duckett*, 67 F.3d at 748 (noting that "when an individual's level of dangerousness is a question the jury must decide in a civil proceeding, it is a violation of the right to a fair trial to compel that individual to appear before the jury bound in physical restraints"). However, we do not have precedent that establishes a district court's duties (such as holding a hearing) in determining whether an inmate should be shackled during a civil trial. This case

does not give us occasion to adopt such a rule.[1] Even were we to adopt the approach taken by other circuits, there is nothing in the record to show that Carpenter was prejudiced by being held in restraints. There is nothing in the record that indicates that the jury could see that Carpenter was kept in restraints. Indeed, his expressed concern about the jury potentially hearing the chains, noted above, came toward the end of his first trial and suggests that the jury did not already know about the chains. Thus, we conclude that the district court did not commit plain error as to this first issue.

**2.**

This Court "will reverse a district court's litigation management decisions only if it abused its discretion, or if the procedures deprived the litigant of due process of law within the meaning of the Fifth or Fourteenth Amendments." *S. Cal.*

---

[1] We note that the district courts ought to be cognizant of this issue. Other circuits have held that "requiring a party in a civil trial to appear in shackles 'may well deprive him of due process unless the restraints are necessary.'" *Sides v. Cherry*, 609 F.3d 576, 581 (3rd Cir. 2010) (quoting *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995)); *see also Lemons v. Skidmore*, 985 F.2d 354 (7th Cir. 1993); *Holloway v. Alexander*, 957 F.2d 529 (8th Cir. 1992). These other circuits have required district courts to hold proceedings to allow parties to offer arguments on the need for restraints, to hold an evidentiary hearing if genuine and material factual disputes exist as to the need for restraints, to weigh the need for restraints against potential prejudice to the inmate, and to take measures to minimize prejudice to an inmate who must appear in court in restraints. *See Sides*, 609 F.3d at 586; *Davidson*, 44 F.3d at 1122-23, 1125-26; *Lemons*, 985 F.2d at 358-59; *see also Holloway*, 957 F.2d at 530.

*Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (internal citation omitted). "A district court's evidentiary rulings are also reviewed for abuse of discretion, and the appellant is additionally required to establish that the error was prejudicial." *Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004).

Carpenter's argument focuses primarily on the district court's allowance of leading questions on direct examination by the Defendants. Rule 611 of the Federal Rules of Evidence states, "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony." Fed. R. Evid. 611(c). "Rule 611(c) vests broad discretion in trial courts, and we will therefore reverse on the basis of improper leading questions only if 'the judge's action . . . amounted to, or contributed to, the denial of a fair trial.'" *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 514 (9th Cir. 1989) (quoting Cleary, ed., *McCormick on Evidence* 12 (1984) (footnote omitted)). "An almost total unwillingness to reverse for infractions has been manifested by appellate courts." Fed. R. Evid. 611 note to subdiv. (c) (citing 3 Wigmore § 770).

The instant case does not call for deviating from the standard practice of granting broad discretion to the district court's allowance of leading questions. The most potentially concerning line of questioning—regarding the Department's use-of-force policy, addressed to Defendants Jose Gonzales ("Gonzales"), Juan Barajas

5

("Barajas"), Richard Litton, and Michael Ortiz—was also developed through non-leading questions to Gonzales, Barajas, and most significantly by William Adams, who was tendered as an expert in the Department's use of force. *See Miller*, 885 F.2d at 515 (finding that reversal on the basis of improper leading questions was "inappropriate . . . because the testimony elicited through leading questions did not substantially expand or alter earlier testimony elicited through proper, non-leading questions"). Thus, any error was not prejudicial.

In addition, we find no abuse of discretion in the other trial-management concerns raised by Carpenter—namely, that the district court inappropriately allowed references to Carpenter as "inmate" and did not sufficiently intervene when the officers began "maddogging" the prisoner witnesses—which have not been briefed in detail.

**3.**

A district court's denial of a motion for request of counsel under 28 U.S.C. § 1915 is reviewed for abuse of discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Counsel may be designated under § 1915(e) only under "exceptional circumstances." *Id.* "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

issues involved,'" neither of which is dispositive. *Id.* (alteration in original) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Carpenter urges the panel to limit or overrule *Wilborn*. However, *Wilborn* has not been overruled by a subsequent ruling by this court sitting en banc or the Supreme Court. *See Morton v. De Oliveira*, 984 F.2d 289, 292 (9th Cir. 1993) ("[O]nly the court sitting en banc may overrule a prior decision of the court."); *see also Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) ("recogniz[ing] that circuit precedent, authoritative at the time that it issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent" (quoting *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1123 (9th Cir. 2002))).

Carpenter requested counsel in 13 filings, and at the beginning of each trial. The district court considered the "exceptional circumstances" standard and concluded that the case was not complex and did not require the appointment of counsel. Having considered the arguments of counsel, the record, and the nature of the proceedings, we find no abuse of discretion.

**AFFIRMED.**